IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IRWIN INDUSTRIAL TOOL COMPANY,

Plaintiff,

v.

ILLINOIS INDUSTRIAL TOOL, INC.,

Defendant.

Civil Action No. 3:09-CV-00324-MR

## STIPULATION FOR ENTRY OF PROPOSED PERMANENT INJUNCTION AND ORDER FOR DISMISSAL

This matter was brought before the Court upon the Complaint of the plaintiff, Irwin Industrial Tool Company ("Plaintiff" or "Irwin") against the defendant Illinois Industrial Tool, Inc. ("IIT" or "Defendant") (collectively, the "Parties").

Now, upon the following Stipulation by the Parties, pursuant to a separate Settlement Agreement entered by the Parties on or about September 30, 2009 and in amicable resolution of the above-captioned matter, IIT has agreed to Irwin's request for a permanent injunction restraining it from certain activities that Irwin alleges infringe its copyright and trademark rights, as set forth more fully below.

## STIPULATED FACTS

A.  **Irwin's Alleged Copyright and Trademark Rights.**

1.  Irwin filed a Complaint on July 30, 2009, initiating the above-captioned action against IIT, alleging trademark infringement, copyright infringement, unfair competition, and unfair and deceptive trade practices under federal and North Carolina law.

2. Irwin contends that: i) SPEEDBOR® is a registered trademark of Plaintiff Irwin; ii) Registration for the SPEEDBOR® mark was obtained from the United States Patent & Trademark Office (the "U.S. PTO") on May 18, 1922, Registration Number 0164103 (the "SPEEDBOR® Mark"); and iii) this registration continues in full force and effect, and is incontestable under the provisions of 15 U.S.C. § 1065.

3. Irwin contends that Irwin has the exclusive right to use the SPEEDBOR® Mark and derivations thereof.

4. Irwin contends that the SPEEDBOR® Mark is inherently distinctive, and it has come to mean and is understood to mean SPEEDBOR® and its products only.

5. Irwin contends it has actively and vigilantly promoted the SPEEDBOR® Mark as a source identified through trade shows, industry publications, promotional campaigns, the Irwin website, and product literature distributed throughout the world by Irwin and SPEEDBOR® representatives.

6. Irwin contends that it establishes and maintains quality standards for products bearing the Irwin mark. Irwin contends that, as a result of Irwin's strict quality control, the SPEEDBOR® Mark has become synonymous with high quality on a wide variety of products sold by Irwin.

7. Irwin contends that, through its extensive use and advertising of the SPEEDBOR® Mark, consumers have come to associate Irwin as the source of products bearing the SPEEDBOR® Mark.

8. Irwin contends that it commissioned pictorial, graphic and creative works of SPEEDBOR® products to be used in its packaging, as well as in advertisements and distributed to the public. Irwin alleges it is the author of these works, including photographs of

SPEEDBOR® bits, which were in fact created and published in the United States and distributed around the world.

9. Irwin contends that Irwin's product-specific pictures specifically show SPEEDBOR® bits and are intended to advertise SPEEDBOR® bits only. Irwin contends that the pictures are creative and were designed to show the functions, utility, design, and other product-specific benefits of SPEEDBOR® bits

**B.   IIT's Alleged Infringement.**

10. Irwin alleges IIT misappropriated Irwin's product-specific pictures of SPEEDBOR® wood boring drill bits ("SPEEDBOR® Works") by copying pictures from Irwin advertisements and/or packaging, and attaching the pictures to packaging for IIT's own products.

11. Irwin alleges IIT has used and, as of the filing of the Complaint, continues to use the SPEEDBOR® Mark and SPEEDBOR® Works in the sale, marketing, advertising and promotion of its own products without Irwin's authorization, permission or consent..

12. Irwin alleges IIT's use of the SPEEDBOR® Mark and SPEEDBOR® Works in conjunction with the marketing, promotion and direct sale of IIT's products and business is likely to cause confusion, mistake and/or deception in that consumers are likely to believe falsely that IIT and/or its products are in some way connected with, related to, sponsored or licensed by SPEEDBOR® or Irwin.

**C.   IIT's Alleged Defenses.**

13. IIT denies Irwin's allegations of infringement in their entirety, and raises affirmative defenses to Irwin's claims.

14. Among other reasons, IIT alleges it had no knowledge of the alleged violations. IIT alleges it had no involvement in the design or creation of the packaging and artwork associated with its wood boring bit products, and that an independent supplier to IIT was

responsible for the creation of the product and packaging.

15. IIT alleges that Irwin is not the owner of any copyright rights in the SPEEDBOR® Works.

16. IIT alleges that any purported use of a SPEEDBOR designation on its products or packaging is entirely illegible to consumers.

17. IIT also alleges a lack of likelihood of confusion, mistake or deception as to the source or sponsorship of IIT's wood boring drill bits.

18. In an effort to amicably resolve Irwin's allegations of trademark infringement and copyright infringement, and without in any way admitting to such infringement, IIT agrees to the injunctive relief set forth in the attached Permanent Injunction.

## PROPOSED PERMANENT INJUNCTION AND ORDER FOR DISMISSAL

Based upon the foregoing, the Parties hereby further stipulate that, and the Court hereby ORDERS that:

1. IIT, together with its past, present, and future owners, shareholders, and affiliated entities and their respective directors and officers, successors and assigns, be, and hereby are, permanently enjoined from manufacturing, importing, distributing, selling or offering to sell any IIT products that bear the SPEEDBOR® Mark or any SPEEDBOR® trademark, service mark, logo or trade name in any product, including in any packaging, advertisements, commercials, marketing efforts and product sales, except IIT may sell any such products that it currently has in its inventory up to and until December 31, 2009;

2. This action, and all claims raised therein, shall be dismissed with prejudice, with each party to bear its own attorneys' fees, costs and expenses; and

3. This Court shall retain continuing jurisdiction over the Parties and the subject matter of this dispute, for the limited purpose of enforcement of the Permanent Injunction entered herein, in the event enforcement shall become necessary.

**SIGNATURES ON FOLLOWING PAGE**

Consented to by the Parties:

IRWIN INDUSTRIAL TOOL COMPANY

By: *(signature)*

Printed Name: John K. Stipencich

Title: Asst. Corporate Secretary

Date: Sept. 30, 2009

ILLINOIS INDUSTRIAL TOOL, INC.

By: *(signature)*

Printed Name: Lance Ericson

Title: president

Date: Sep. 30, 2009

IT IS SO ORDERED, this 23 day of Oct, 2009.

*(signature)*
UNITED STATES DISTRICT COURT JUDGE